UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD HUNT

   Plaintiff,

-VS-                                                      CASE NO.:

IYOGI, INC.

   Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331. *See* Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740, 751-53 (2012).

3. The alleged violations described in the Complaint occurred in Sarasota County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Sarasota County, Florida

5. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6. Defendant is a limited liability company and a citizen of the State of New York with its principal place of business at 181 Hudson Street, 1C, New York.

7. Defendant called Plaintiff at least one-hundred and twenty-five (125) times since June, 2013, in an attempt to solicit and/or advertise business in violation of 47 U.S.C. §227(b)(1)(B). See also 47 C.F.R. § 64.1200(a)(3).

8. In or about June, 2013, Plaintiff began receiving telephone calls from Defendant regarding the purchase of computer technical support services. The subject of the calls are therefore considered an "advertisement" as defined by 47 C.F.R. § 64.1200(f)(1) and 47 C.F.R. § 64.1200(b)(3) and constitute "telephone solicitation" as defined by the TCPA, 47 U.S.C. § 227(a)(4).

9. Defendant placed solicitation calls to Plaintiff's cellular telephone despite Plaintiff having registered his telephone number on the national do-not-call registry as specified in 47 U.S.C. §227(c). *See Also* 47 C.F.R. § 64.1200(c)(2); (f)(9); 18 FCC Rcd 14014 (2003) (*2003 TCPA Order*).

10. Plaintiff has registered his cellular telephone number with the Federal Do-Not-Call Registry in or about 2008, confirmed its registry on or about January 2014.

11. Despite registering his number on the Do-Not-Call list, Plaintiff continued to receive solicitation calls from Defendant.

12. Plaintiff re-registered his number on the Federal Do-Not-Call Registry in January, 2014 in an effort to stop Defendant's ongoing calls.

13. Defendant's harassing solicitation calls to Plaintiff's cellular phone are continuing through the filing of this complaint.

14.

15. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

16. Each call Defendant made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

17. Each call Defendant made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

18. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

19. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant to remove the incorrect number.

20. Defendant's corporate policy is structured as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant that they do not wish to be contacted.

21. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals despite consumers registerring their telephone numbers on the Nation Do-Not-Call Registry.

22. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

23. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

24. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however Defendant continues to call.

25. Defendant's corporate policy provided no means for Plaintiff to have his number removed from the call list.

26. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

27. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

30. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

31. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

32. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

33. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

4

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against IYOGI, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared Lee, Esquire
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL. 32801
T: (407) 420-1414
F: (407) 245-3485
JLee@ForThePeople.com
Florida Bar #: 0052284
Attorney for Plaintiff